UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHARLES C. AVILA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:19-cv-00240 |
| MIDLAND CREDIT MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CHARLES C. AVILA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 that resides in Floyd County, Indiana, which is located within the Southern District of Indiana.

5. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6. As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action stems from Defendant's attempts to collect upon a defaulted personal credit card debt ("subject debt") that Plaintiff purportedly owed to Citibank, N.A. ("Citibank").

10. On or around September 29, 2019, Defendant mailed or caused to be mailed a "dunning" letter to Plaintiff in an attempt to collect upon the subject debt.

11. Defendant outlined in its "dunning" letter that it was seeking to collect an outstanding balance of $4,147.90 for the subject debt.

12. This "dunning" letter provided the language required under § 1692g of the FDCPA, including the portion: "Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt is valid."

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

13. In its "dunning" letter, Defendant also urged Plaintiff to "Reply by 11/9/2019[.]"

14. Thereafter, on or around October 2, 2019, Defendant mailed a second collection letter to Plaintiff.

15. This second collection letter was mailed only three days after the "dunning" letter was sent.

16. Defendant's second letter prominently warned Plaintiff that this communication was a "pre-legal notification."

17. Defendant also informed Plaintiff that it "is considering forwarding this account to an attorney in [his] state for possible litigation."

18. Moreover, Defendant's second letter also demanded that Plaintiff either pay or contact Defendant by October 17, 2019.

19. The language in Defendant's second letter contradicts, suppresses, and overshadows Plaintiff's rights under the FDCPA and the assertions made by Defendant in its "dunning" letter.

20. Accordingly, Plaintiff spoke with Sulaiman regarding the correspondences, resulting in pecuniary loss and expenditure of resources.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

29. Defendant violated 15 U.S.C. §§ 1692e and e(10) when it employed deceptive means to attempt to collect upon the subject debt. Specifically, it was deceptive for Defendant to send its "pre-legal notification" with language designed to pressure Plaintiff to waive his rights under the FDCPA. Defendant overshadowed Plaintiff's rights under the FDCPA when it issued a threat of litigation, which was followed by a demand for payment due on a date prior to the expiration of Plaintiff's right to demand validation of the subject debt under 15 U.S.C. § 1692g. Moreover, Defendant's letters contradict each other, as its "dunning" letter asked Plaintiff to reply by November 9, 2019, but Defendant's pre-legal notification demanded payment by October 17, 2019. Consequently, Defendant's goal was to exert undue pressure on Plaintiff in order to forcefully extract payment through deception and confusion.

### b. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly attempted to collect upon the subject debt. Any reasonable fact finder will conclude that Defendant acted unfairly when it designed its second collection letter to contradict and overshadow Plaintiff's rights under the FDCPA and the information provided in the "dunning" letter.

WHEREFORE, Plaintiff, CHARLES C. AVILA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 18, 2019 　　　　　　　　　　　Respectfully submitted,

s/ Nathan C. Volheim　　　　　　　　　　　　　s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103　　　　　　　Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*　　　　　　　　　　　　　*Counsel for Plaintiff*
Admitted in the Southern District of Indiana　　　Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.　　　　　　　　　　Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200　　　　　　2500 South Highland Ave., Suite 200
Lombard, Illinois 60148　　　　　　　　　　　Lombard, Illinois 60148
(630) 568-3056 (phone)　　　　　　　　　　　(630) 581-5858 (phone)
(630) 575-8188 (fax)　　　　　　　　　　　　(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com　　　　　　　　　thatz@sulaimanlaw.com